IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

Case No. _____

| | |
|---|---|
| DAVID BLAGBORNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ST. LUCIE ANESTHESIA ASSOCIATES, | ) |
| LLC and FROST-ARNETT COMPANY, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, David Blagborne, alleges Defendant St. Lucie Anesthesia Associates, LLC ("St. Lucie") violated the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA"). Plaintiff also alleges Defendant Frost-Arnett Company ("Frost") violated the FCCPA and the Fair Debt Collection Practices Act § 1692 *et seq.* ("FDCPA").

**PARTIES**

1. Plaintiff is a natural person and resident of Broward County, Florida.

2. St. Lucie is a Florida limited liability company with its principal place of business at 7700 West Sunrise Boulevard Plantation, Fl 33322.

3. Frost is a foreign profit corporation with its principal place of business at 2105 Elm Hill Pike, Suite 200, Nashville, TN 37210.

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises under 28 U.S.C. 1331 because this case arises under the FDCPA, a federal statute.

5. This Court has personal jurisdiction over Defendants because they conduct

business in Florida and their voluntary contact with Plaintiff to collect debts in Florida made it foreseeable they would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S.

6. Venue is proper because the alleged acts and transactions complained of occurred here; the Defendants transact and conduct business here; and Defendants illegally tried to collect a debt from Plaintiff within this venue.

## FACTUAL ALLEGATIONS

7. On March 3, 2020, Plaintiff was involved in an accident.

8. As a result of the accident, Plaintiff received medical care from St. Lucie.

9. St. Lucie charged $4,880, under Account No.: XXXX344225 ("Account"), for the medical care Plaintiff received

10. Plaintiff's insurance paid St. Lucie $4,272, leaving a balance of $608 under the Account. Exhibit A.

11. After the accident, Plaintiff hired the law firm of Reifkind, Thompson & Rudzinski ("Reifkind") to represent him for the accident and medical bills.

12. On August 8, 2020, Reifkind issued a check to St. Lucie totaling $608.

13. On or about November 30, 2020, St. Lucie cashed the check for $608. Exhibit B.

14. After St. Lucie cashed the check, Plaintiff no longer owed money to St. Lucie for medical services under the Account.

15. St. Lucie knew that Plaintiff did not owe $608 because it cashed the check from Reifkind.

16. Despite having been paid, St. Lucie hired Frost to try to collect $608 from Plaintiff that had been paid.

17. Defendants acted jointly and in concert in trying to collect a debt from Plaintiff that had been satisfied.

18. Upon information and belief, St. Lucie informed Frost that Plaintiff paid the $608.

19. Despite Frost and St. Lucie knowing the debt was satisfied, Defendants still tried to collect it from Plaintiff.

20. On or about February 23, 2021, Frost, on behalf of St. Lucie, sent a collection letter to Plaintiff demanding he pay $608. Exhibit C.

21. The letter said: "This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.* (emphasis original).

22. The letter had three different payment options. *Id*.

23. The letter falsely said that the $608 "balance remains unpaid." *Id*.

24. The letter also included a payment coupon to include with payment. *Id*.

25. Along with the letter, Plaintiff has received other letters and text messages from Frost trying to collect the erroneous debt.

26. After receiving these communications, Plaintiff was confused and disconcerted because the debt was paid.

27. Plaintiff feared Defendants would report the erroneous debt on his credit report.

## COUNT I AS TO ST. LUCIE'S VIOLATION OF
## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)

28. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because he is a natural person allegedly obligated to pay a debt for medical care.

29. St. Lucie is a "person" as defined under the FCCPA because it tried to collect a consumer debt from Plaintiff.

30. St. Lucie knew Plaintiff no longer owed the $608 because it cashed the check from Reifkind.

31. Despite having received that information, St. Lucie directly and indirectly tried to collect the $608 from Plaintiff.

32. Because of St. Lucie's FCCPA violations, Plaintiff was confused and disconcerted because the debt was paid.

33. Plaintiff also feared Defendants would report the erroneous debt on his credit report.

34. St. Lucie's FCCPA violation has invaded Plaintiff's statutory right to be free from illegal collection activity and caused him frustration and anxiety.

35. Defendant's illegal collection activity also put Plaintiff in imminent danger of paying a debt she does not owe to ensure her credit was not harmed.

36. Because of the above violation of the FCCPA, St. Lucie is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiff's representation. § 559.77(2).

## COUNT II AS TO FROST'S VIOLATION OF
## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)

37. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because he is a natural person allegedly obligated to pay a debt for medical care.

38. Frost is a "person" as defined under the FCCPA because it tried to collect a consumer debt from Plaintiff.

39. Frost knew Plaintiff no longer owed the $608 because it learned from St. Lucie that the debt was satisfied.

40. Despite having received that information, Frost tried to collect the $608 from

Plaintiff.

41. Because of Frost's FCCPA violations, Plaintiff was confused and disconcerted because the debt was paid.

42. Plaintiff also feared Defendants would report the erroneous debt on his credit report.

43. Frost's FCCPA violation invaded Plaintiff's statutory right to be free from illegal collection activity and caused him frustration and anxiety.

44. Frost's illegal collection activity also put Plaintiff in imminent danger of paying a debt she does not owe to ensure her credit was not harmed.

45. Because of the above violation of the FCCPA, St. Lucie is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiff's representation. § 559.77(2).

## COUNT III AS TO FROST'S VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT § 1692e

46. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

47. Frost is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the main purpose of which is the collection of debt owed or asserted to be owed or due another.

48. Frost used false, deceptive, and misleading representations when trying to collect a debt from Plaintiff by demanding he pay a debt that was already satisfied.

49. Frost falsely represented the character, amount, and legal status of an alleged debt by demanding Plaintiff pay a debt that was already satisfied.

50. Because of Frost's FDCPA violation, Plaintiff was worried Frost would ruin his

credit.

51. Frost's FDCPA violation invaded Plaintiff's statutory right to be free from illegal collection activity and caused him frustration and anxiety.

52. Frost's illegal collection activity also put Plaintiff in imminent danger of paying a debt she does not owe to ensure her credit was not harmed.

53. As a result of the above violation of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq.*

## COUNT IV AS TO FROST'S VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT § 1692f

54. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay a debt for medical care.

55. Frost is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

56. Frost used unfair and unconscionable means when it tried to collect a debt from Plaintiff he did not owe.

57. Frost tried to collect a known non-existent debt from Plaintiff that was not permitted by law or agreement.

58. Because of Frost's FDCPA violation, Plaintiff was worried Frost would ruin his credit.

59. Frost's FDCPA violation invaded Plaintiff's statutory right to be free from illegal collection activity and caused him frustration and anxiety.

60. Frost's illegal collection activity also put Plaintiff in imminent danger of paying a

debt she does not owe to ensure her credit was not harmed.

61. As a result of the above violation of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq.*

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for all of the following:

a. Actual damages.

b. Statutory damages pursuant to Fla. Stat. § 559.77(2).

c. Statutory damages pursuant to 15 U.S.C. § 1692k.

d. Reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2).

e. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

f. Such other and further relief as the Court may deem to be just and proper.

g. Plaintiff respectfully demands trial by jury in this action.

WHEREFORE, based on the above stated in this Complaint, Plaintiff has been the subject of the Defendants' illegal collection conduct in violation of the FCCPA and FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment for the Plaintiff on all counts and requested forms of relief.

Dated: March 4, 2021                    Respectfully submitted,

*/s/ Darren R. Newhart* Darren R. Newhart, Esq. FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd, Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-29